**CL-21-0172-A**

7:21-cv-00065

| | | |
|---|---|---|
| | CAUSE NO. _____ | |
| HILDA V. YBARRA<br>*Plaintiff,* | §<br>§<br>§ | IN THE COUNTY COURT |
| v. | §<br>§ | AT LAW NO. \_\_\_\_\_ |
| COSTCO WHOLESALE<br>CORPORATION,<br>*Defendant.* | §<br>§<br>§<br>§ | HIDALGO COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR ADMISSIONS, REQEUEST FOR DISCLOSURES, REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HILDA V. YBARRA, hereafter "Plaintiff," in the above-styled and complaining of COSTCO WHOLESALE CORPORATION, hereafter "Defendant," and files this her Plaintiff's Original Petition, Request for Admissions, Request for Disclosures, Request for Production, and First Set of Interrogatories, and for support would show this Court and Jury as follows:

I.

DISCOVERY CONTROL PLAN LEVEL

1.01    Plaintiff intends that discovery be conducted under Level 3 as set forth in Rule 190.4 of the Texas Rules of Civil Procedure.

II.

CLAIM FOR RELIEF

2.01    Pursuant to Rule 47 of the Texas Rules of Civil Procedures, Plaintiff is seeking monetary relief between $250,000 and $750,000 and a demand for judgment for all the other relief to which Plaintiff deems herself entitled.

Case 7:21-cv-00065   Document 1-1   Filed on 02/19/21 in TXSD   Page 2 of 10

Electronically Submit
1/7/2021 12:44
Hidalgo County Cl
Accepted by: Ester Espinc

CL-21-0172-A

### III.

### PARTIES AND SERVICE

3.01   Plaintiff HILDA V. YBARRA is an individual who resides in Hidalgo County, Texas.

3.02   Defendant COSTCO WHOLESALE CORPORATION is a Corporation authorized to engage in business in the State of Texas, which operates a shopping business throughout the State of Texas, including, but not limited to Hidalgo County, Texas, and may be served with process by serving its registered agent, CT Corporation Systems, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

### IV.

### JURISDICTION AND VENUE

4.01   This Court has jurisdiction over the subject matter of this case because the amount in controversy is within this Court's jurisdictional requirements.

4.02   This Court has personal jurisdiction over the Defendants COSTCO WHOLESALE CORPORATION because, at the time of the events and conditions giving rise to this lawsuit and/or at the time this lawsuit was filed, the Defendants were organized under the laws of Texas, and/or maintained a certificate of authority from the Texas Secretary of State to conduct business in Texas, and/or maintained a principal place of business in Texas, and/or maintained a registered agent in Texas, and/or was doing business in Texas, and/or solicited business in Texas from Texas residents, and/or marketed and advertised in Texas to Texas residents, and/or contracted in Texas with Texas residents, and/or committed torts in whole or in part in Texas, and/or recruited Texas residents for employment, and/or maintained continuous

Case 7:21-cv-00065 Document 1-1 Filed on 02/19/21 in TXSD Page 3 of 10

Electronically Submit
1/7/2021 12:44
Hidalgo County Cl
Accepted by: Ester Espinc

CL-21-0172-A

and systematic contacts with Texas, and/or is generally present in Texas, and/or otherwise has the requisite minimum contacts with Texas, have purposefully availed themselves of the privileges and protections of Texas law, and could reasonably expect to be sued in Texas.

4.03 Venue is proper in Hidalgo County, Texas, pursuant to Texas Civil Practice and Remedies Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Mission, Hidalgo County, Texas.

V.

BACKGROUND FACTS

5.01 On or about July 11, 2019, at the invitation of Defendant COSTCO WHOLESALE CORPORATION, Plaintiff HILDA V. YBARRA entered upon Defendant COSTCO WHOLESALE CORPORATION's premises as an invitee to engage in the act of purchasing goods or services. More specifically, Plaintiff HILDA V. YBARRA went shopping as an invitee at Defendant COSTCO WHOLESALE CORPORATION's local "COSTCO" located at 1501 W. Kelly Ave., Pharr, Hidalgo County, Texas 78577.

5.02 As Plaintiff HILDA V. YBARRA was walking through Defendant's hamper isle, Plaintiff HILDA V. YBARRA was injured by a box that fell on her from above; namely a box of hangers. As a result of the box of hangers falling on Plaintiff, Plaintiff sustained injuries to her neck, back and right hand and moving and body generally.

5.03 While Plaintiff HILDA V. YBARRA was conducting business on Defendant COSTCO WHOLESALE CORPORATION's premises, she was sustained injuries due to a dangerous condition; namely a box of hangers. The dangerous condition, posed an unreasonable risk of harm to Plaintiff HILDA V. YBARRA, was the result of the actions, behavior, conduct, and/or inactions on the part of Defendant's agents, employees, representatives, and/or servants,

Case 7:21-cv-00065 Document 1-1 Filed on 02/19/21 in TXSD Page 4 of 10

Electronically Submit
1/7/2021 12:44
Hidalgo County Cl
Accepted by: Ester Espinc

CL-21-0172-A

while in the course and scope of their respective employment and/or official duties with Defendant, which amounted to negligence.

5.04   Nothing that Plaintiff HILDA V. YBARRA did or did not do contributed in any way to the fall.

VI.

PLAINTIFFS' FIRST CAUSE OF ACTION: NEGLIGENCE

6.01   Plaintiff hereby incorporates the allegations contained in paragraphs set forth above as if fully set forth herein.

6.02   Defendant's COSTCO WHOLESALE CORPORATION acts and omissions outlined herein constitute negligence.

6.03   Defendant COSTCO WHOLESALE CORPORATION owed a common law duty to exercise ordinary care in the operation of their business so as not to endanger the safety of others such as Plaintiff. Ordinary care is that degree of care that would have been used by a person of ordinary prudence under the same or similar circumstances.

6.04   Defendant COSTCO WHOLESALE CORPORATION by and through its agents and employees breached that duty by one or more of the following acts and omissions:

- A. Failing to maintain boxes placed in a reasonably safe manner and/or premises in a reasonably safe condition;

- B. Failing to give adequate and obvious warnings to Plaintiff of the unsafe conditions of the business premises;

- C. Failing to discover dangerous conditions within a reasonable time prior to subjecting Plaintiff and other persons to enter the business premises or area;

- D. Failing to inspect the stacked boxes for any unreasonably dangerous conditions within a reasonable time prior to subjecting Plaintiff and other persons to enter the business premises or area;

Case 7:21-cv-00065   Document 1-1   Filed on 02/19/21 in TXSD   Page 5 of 10

Electronically Submit
1/7/2021 12:44
Hidalgo County Cl
Accepted by: Ester Espinc

CL-21-0172-A

E.     Failing to remove the unreasonably dangerous conditions from the isle to the Plaintiff and other customers entering the business premises: and,

F.     Failing to provide sufficient and adequately trained personnel to inspect, find, and remove, unreasonably dangerous conditions from the stacked boxes, prior to subjecting Plaintiff and other persons to enter the business premises or area.

6.05     As a direct and proximate cause of Defendant's negligent acts or omissions, Plaintiff has suffered damages as described hereafter.

VII.

PLAINTIFF'S SECOND CAUSE OF ACTION: PREMISES LIABILITY

7.01     Plaintiff hereby incorporates the allegations contained above as if fully set forth herein.

7.02     At all material times, Defendant COSTCO WHOLESALE CORPORATION owned, possessed, operated and/or maintained the business premises "COSTCO" located 1501 W. Kelly Ave., Pharr, Hidalgo County, Texas 78577. Furthermore, Defendant COSTCO WHOLESALE CORPORATION owed certain duties of care to Plaintiff and other business invitees.

7.03     Defendant COSTCO WHOLESALE CORPORATION owed the duty to exercise ordinary care by failing to adequately warn the Plaintiff of the condition at the premises "COSTCO" located at 1501 W. Kelly Ave., Pharr, Hidalgo County, Texas 78577, and to make the premises reasonably safe for Plaintiff, which includes the duty to inspect the premises and to discover any foreign substances and/or dangerous condition.

7.04     Defendant COSTCO WHOLESALE CORPORATION and/or its agents and/or its servants, and/or its employees knew or should have known of any foreign substance and/or dangerous condition that created an unreasonable risk of harm to the Plaintiff and other business invitees.

Case 7:21-cv-00065   Document 1-1   Filed on 02/19/21 in TXSD   Page 6 of 10

Electronically Submit
1/7/2021 12:44
Hidalgo County Cl
Accepted by: Ester Espinc

CL-21-0172-A

7.05   Despite such knowledge, Defendant and/or its agents, and/or servants, and/or employees negligently failed to warn Plaintiff of the dangerous condition of unsafely stacked boxes at the premises, or to otherwise make the premises safe. This dangerous condition existed despite the fact that Defendant or Defendant's agents, and/or servants, and/ or employees knew or should have known of the existence and that there was likelihood of a person being injured.

7.06   At all material times, Defendant COSTCO WHOLESALE CORPORATION and its agents, employees, representatives, and/or servants, who were acting within the course and scope of their respective employment, breached its duty in each of the following respects:

A.   Failing to maintain the stacked boxes and/or its premises in a reasonably safe condition;

B.   Failing to give adequate and obvious warnings to Plaintiff of the unsafe condition of the stacked boxes of the business premises;

C.   Failing to discover the substance and/or condition of the stacked boxes within a reasonable time prior to subjecting Plaintiff and other persons to enter the business premises or area;

D.   Failing to inspect the stacked boxes and/or unreasonably dangerous conditions within a reasonable time prior to subjecting Plaintiff and other persons to enter the business premises or area; and

E.   Failing to remove or make safe the condition of the stacked boxes for the Plaintiff and other customers entering the business premises.

7.07   At all material times, Plaintiff was an invitee on the premises at the time of her injuries and other damages. At the time of Plaintiff's injuries (1) the condition on the premises created an unreasonable risk of harm to the Plaintiff; (2) the owner and/or possessor and/or operator knew or reasonably should have known of the condition of the stacked boxes; (3) owner and/or possessor and/or operator failed to exercise ordinary care to protect the invitee from danger; and (4) owner's and/or possessor's and/or operator's failure was a proximate cause of the injuries to the invitee.

Case 7:21-cv-00065 Document 1-1 Filed on 02/19/21 in TXSD Page 7 of 10

Electronically Submit
1/7/2021 12:44
Hidalgo County Cl
Accepted by: Ester Espinc

CL-21-0172-A

7.08 At all material times, all of the agents, employees, representatives, and/or servants, of Defendant COSTCO WHOLESALE CORPORATION who were connected with the incident, were acting within the course and scope of their respective employment or official duties and in furtherance of the duties of their office or employment. Therefore, the Defendant COSTCO WHOLESALE CORPORATION is further liable for the negligent acts and omissions of their respective agents, employees, representatives, and/or servants under the doctrine of *Respondeat Superior*.

7.09 The Defendant COSTCO WHOLESALE CORPORATION's breach proximately caused the Plaintiff's injuries and damages as set forth below.

VIII.

EXEMPLARY DAMAGES/GROSS NEGLIGENCE

8.01 Defendant COSTCO WHOLESALE CORPORATION's acts or omissions (by and through their respective agents, employees, representatives, and/or servants, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of and others.

8.02 Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to her from Defendant.

Case 7:21-cv-00065 Document 1-1 Filed on 02/19/21 in TXSD Page 8 of 10

Electronically Submit
1/7/2021 12:44
Hidalgo County Cl
Accepted by: Ester Espino

CL-21-0172-A

## IX.

### INJURIES AND/OR DAMAGES SUSTAINED BY PLAINTIFF

9.01 As a direct and proximate cause of the incident, Plaintiff HILDA V. YBARRA has incurred customary medical and doctor expenses in the past and will, in reasonable probability, continue to suffer as a result from her injuries.

9.02 By reason of the foregoing injuries and damages, Plaintiff HILDA V. YBARRA seeks damages for the elements of damages listed below:

a. Reasonable medical and healthcare expenses for necessary medical and healthcare treatment in the past;

b. Reasonable medical and healthcare expenses for necessary medical and healthcare treatment in the future;

c. Pain and suffering in the past;

d. Pain and suffering in the future;

e. Mental anguish in the past; and

f. Mental anguish in the future.

## X.

### REQUESTS FOR DISCLOSURE

10.01 Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant COSTCO WHOLESALE CORPORATION is hereby requested to disclose <u>within thirty (30) days after filings its answer</u> in this cause the information or material as described in Rule 194.2 (1) through (12) of the Texas Rules of Civil Procedure.

Case 7:21-cv-00065   Document 1-1   Filed on 02/19/21 in TXSD   Page 9 of 10

Electronically Submit
1/7/2021 12:44
Hidalgo County Cl
Accepted by: Ester Espinc

CL-21-0172-A

## XI.

### ADDITIONAL DISCOVERY REQUESTS ATTACHED HERETO

11.01   Attached, please find Plaintiff's First Set of Requests for Admissions, First Set of Interrogatories, and First Requests for Production directed to Defendant COSTCO WHOLESALE CORPORATION who is hereby requested to answer same, <u>within fifty (50) days after the service of the citation and petition.</u>

## XII.

### JURY DEMAND

12.01   Plaintiff hereby demands a TRIAL BY JURY in this cause.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff HILDA V. YBARRA respectfully prays that Defendant COSTCO WHOLESALE CORPORATION, be cited to appear and answer herein, and that a Trial by Jury (On the Merits) be scheduled, and at the conclusion of said Trial, judgment be entered in favor of Plaintiff HILDA V. YBARRA and against Defendant COSTCO WHOLESALE CORPORATION for damages in an amount within the jurisdictional limits of the Court (in compliance with the monetary relief sought by Plaintiff); exemplary damages, excluding interest, and as allowed by Section 41.008, Chapter 41 of the Texas Civil Practice and Remedies Code; together with pre-judgment interest (180 days after the defendant receives written notice of Plaintiff's claims or from the date of the filing of this petition whichever is earlier, through to the date immediately preceding the date of the rendition of judgment in this cause) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which Plaintiff HILDA V. YBARRA may be entitled at law or in equity.

Case 7:21-cv-00065   Document 1-1   Filed on 02/19/21 in TXSD   Page 10 of 10

Electronically Submit
1/7/2021 12:44
Hidalgo County Cl
Accepted by: Ester Espinc

CL-21-0172-A

Respectfully submitted,

**TIJERINA LEGAL GROUP, P.C.**
1200 South Col. Rowe Boulevard, Suite 4A
McAllen, Texas 78501
Telephone No. (956) 777-7000
Facsimile No. (956) 972-0144
Litigation Email: **TijerinaLit@gmail.com**

BY: /s/Derek I. Salinas
HUMBERTO TIJERINA, III
State Bar No. 24028040

CESAR PALMA
State Bar No. 24094884

DEREK I. SALINAS
State Bar No. 24093098

**ATTORNEYS FOR PLAINTIFF**